UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAMOCO, LLC,

    Plaintiff,

v.                           Case No. 8:18-cv-1693-T-33JSS

CARLOS LEYVA, also known as
AJ&I CONSTRUCTION CLEAN UP,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Camoco, LLC's Motion to Remand (Doc. # 9), filed on July 19, 2018. Defendant Carlos Leyva responded on August 2, 2018. (Doc. # 18). For the reasons that follow, the Motion is denied.

**I. Background**

Camoco is in the business of "provid[ing] temporary workers to perform construction cleanup for various construction clients." (Doc. # 2 at ¶ 11). Leyva entered into an employment agreement with Camoco and began working as Camoco's Regional Vice President in 2010. (Id. at ¶¶ 7-8).

Yet, while still working at Camoco in September of 2016, Leyva allegedly "created his AJ&I Construction Clean Up alias

1

as a cover while Leyva used Camoco's employees, office, computers, telephones, clients, company credit card, and resources to create his new competitive business." (Id. at ¶ 9). "Leyva began to bid on Camoco's customer jobs as a cleaning company and used Camoco's insurance and workers to do the work. Then, Leyva signed up AJ&I as a customer of Camoco in furtherance of his deceptive scheme." (Id. at ¶ 12). Camoco alleges it "has lost more than $100,000 in business revenue and customer contracts since Leyva started the AJ&I competitive business." (Id. at ¶ 13).

Camoco filed its Verified Complaint in state court, asserting counts for declaratory and injunctive relief, on April 10, 2018. (Doc. # 2). Leyva filed his Answer in state court on July 9, 2018. (Doc. # 4). Leyva then removed the case to this Court on July 13, 2018, on the basis of diversity jurisdiction. (Doc. # 2).

Subsequently, Camoco filed the instant Motion to Remand (Doc. # 9), to which Leyva has responded. (Doc. # 18). The Motion is ripe for review.

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). When jurisdiction is premised

upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

"[W]hen a notice of removal's allegations are disputed, the district court must find by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014)(citation and internal quotation marks omitted). "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)(citing Pretka v. Kolter City Plaza II, 608 F.3d 744, 753-54 (11th Cir. 2010)). "[W]here there are unresolved doubts as to whether the amount in controversy in a removed action has been satisfied, those doubts must be resolved in favor of remand." Kline v. Avis Rent A Car Sys., Inc., 66 F. Supp. 2d 1237, 1239 (S.D. Ala. 1999).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's

3

perspective." Morrison, 228 F.3d at 1268 (citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc., 745 F.3d at 1316 (citation omitted).

While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be "sufficiently measurable and certain" to satisfy the amount in controversy requirement. Morrison, 228 F.3d at 1269. That requirement is not satisfied if the value of the equitable relief is "too speculative and immeasurable." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (quotation marks omitted); see also Leonard v. Enter. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

**III. Analysis**

Only the amount in controversy requirement is at issue here. Camoco argues Leyva has not established the amount in controversy by a preponderance of the evidence because Leyva relies on the Verified Complaint's allegation that Camoco has lost over $100,000 in revenue and contracts since Leyva began his competing business. (Doc. # 9 at 1-2). Camoco emphasizes that Leyva denied the allegation about Camoco's lost revenue in his Answer. (Id.). Camoco asks: "How can [Leyva] deny this

allegation in its entirety while using it as its only piece of evidence to justify removal?" (Id. at 2). And, besides Leyva's denial in his Answer, Camoco contends it "is unsure at this point whether the lost revenues and customer contracts are actionable against [Leyva] which explains why [Camoco] decided not to bring a cause of action seeking monetary damages at this juncture." (Id.).

First, the Court rejects Camoco's argument related to Leyva's Answer to the Verified Complaint. Leyva's denial that Camoco has lost over $100,000 in business since Leyva created his competing business does not mean that the amount put into dispute by the Verified Complaint does not exceed $75,000. As Leyva correctly explains, "[t]he basis for district court jurisdiction is the amount in 'controversy,' not the amount of damages defendant admits that the plaintiff incurred." (Doc. # 18 at 4).

Next, the Court finds that the Verified Complaint's allegation regarding Camoco's lost revenue is sufficient to establish that the amount in controversy exceeds the $75,000 threshold. In the Verified Complaint, Camoco seeks a declaration that "Leyva is in violation of the Employment Agreement, and that his actions are deceptive and unfair trade practice[s] pursuant to Fla. Stat. § 501.201," which is the

5

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. # 1 at 3). But the prayer for relief of Count I also "seeks damages plus attorney's fees and costs pursuant to Fla. Stat. § 501.201." (Id.). So, while Count I is labelled simply as a declaratory judgment claim, Camoco is seeking traditional monetary damages under the FDUTPA in additional to a declaration.

Regardless, even if Camoco were only seeking declaratory and injunctive relief, the Court is persuaded that the value of that relief exceeds $75,000. True, the Verified Complaint does not explicitly state that Leyva is the cause of Camoco's loss of revenue. But, taken in the wider context of the Verified Complaint, it is clear Camoco is attributing the damage to its business to Leyva.

Again, "the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc., 745 F.3d at 1316 (citation omitted). The value of a declaration declaring that Leyva violated his employment agreement is worth over $100,000 to Camoco because Camoco would be able to use that declaration to seek over $100,000 in damages in a separate FDUTPA or breach of contract action against Leyva. See Id. at 1316-17 (rejecting the argument

that the amount in controversy was too speculative in a declaratory judgment action where a declaration concerning liability in plaintiffs' favor would enable plaintiffs to ultimately recover damages through a separate action against defendant).

"Except where Congress has granted federal courts exclusive jurisdiction, plaintiffs are the 'master of the complaint and are free to avoid federal jurisdiction by structuring their case to fall short of a requirement of federal jurisdiction.'" Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014)(quoting Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013)(internal citation and quotation marks omitted)). As master of its Verified Complaint, Camoco could have foreclosed removal by drafting its pleading to allege damages below the amount in controversy requirement. But Camoco chose to allege that it has lost over $100,000 as a result of Leyva's conduct and sought a declaration that Leyva's conduct was wrongful. Camoco's Motion is therefore denied.

Finally, Camoco insists in its Motion that, if the Court refuses to remand the case, the Court should "honor the previous ruling of the Sixth Judicial Circuit Court" on Camoco's Motion for Temporary Restraining Order. (Doc. # 9 at

2). According to Camoco, a hearing was held in state court during which that court announced its intention to grant four portions of Camoco's Motion for Temporary Restraining Order and requested that Camoco submit a proposed order. (Id.). Camoco acknowledges that the state court never signed an order formalizing the ruling it tentatively announced at the hearing because Leyva removed the case to this Court. (Id.).

The Court agrees with Leyva that "[s]uch argument has no bearing on remand and should not be considered" at this juncture. (Doc. # 18 at 5). The Court has referred Camoco's Motion for Temporary Restraining Order (Doc. # 3), which the Court construes as a Motion for Preliminary Injunction, to Magistrate Judge Julie S. Sneed for the issuance of a Report and Recommendation. (Doc. # 8). Camoco can raise its arguments about the state court's intended ruling on that Motion during the hearing scheduled before Judge Sneed. (Doc. # 29).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Camoco, LLC's Motion to Remand (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of August, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE